Filed 6/28/16 P. v. Sanchez CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068873 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS277932) |
| JUAN GILBERTO SANCHEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge. Affirmed.

Paul Stubb Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, for Plaintiff and Respondent.

A jury convicted Juan Gilberto Sanchez with one count of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). The trial court suspended imposition of sentence and granted Sanchez three years of felony supervised probation, directing him to serve 180 days in jail with custody stayed pending successful completion

of probation.  It also imposed various fines and fees.  Sanchez appeals from the final judgment under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), raising possible, but not arguable, issues.  We offered Sanchez the opportunity to file his own brief on appeal but he has not responded.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2015, then 75-year-old Jose Velasquez was driving his car and had turned onto a residential street when he saw Sanchez standing in the street, blocking Velasquez's car.  Velasquez, who had not touched Sanchez with his vehicle, stopped his car and Sanchez touched it.  A witness standing about five feet away heard Sanchez say to Velasquez, "Are you trying to roll me over?"  The witness saw Velasquez exit his car and walk around it toward Sanchez.  Velasquez was not angry or yelling; he asked Sanchez what was going on.  When he got close to Sanchez they started screaming and arguing.  Sanchez started punching Velasquez, then dragged him to the ground and punched him again.  Velasquez was hit at least ten times, including in the left eye.  He did not hit or kick Sanchez or his car.  The witness called police.

Chula Vista Police Officer Brian Racine responded to the call.  He took photographs of Sanchez's hands to show the injuries to his knuckles.  He also took photographs of Velasquez, who had blood all over his face.  Velasquez ended up with a black eye, a cut on his nose where his glasses were, and bruises on his eyebrow and forehead.  The left side of his face was swollen.

Before trial, Sanchez's counsel moved to prevent Velasquez from mentioning his age.  He maintained Velasquez's age was irrelevant to the offense, which was not elder

2

abuse and did not deal with any specific age. The prosecutor responded that the evidence was necessary to the People's case; that the percipient witness to the assault had reported to the 911 operator that the victim was an older man, which was why she was upset about the incident, and that given that Velasquez was 75 years old, it was much more likely the application of force to him would cause great bodily injury, an element of the offense: "Whether they be 65, 75, 85 and you assault them and punch them multiple times in the face, it is reasonably likely that an ordinary, reasonable person would understand that there is a high probability you are going to cause great bodily injury to that person by punching them in the face." The court inquired whether the evidence would be relevant to a claim of self-defense, after which defense counsel argued the victim's age had no probative value and would prejudice his client. Defense counsel agreed that the witness to the incident could testify that Velasquez was older, but to give the exact age was prejudicial in part because there was no evidence Sanchez knew Velasquez was 75. The prosecutor further argued that the evidence went to the reasonableness of the force used by Sanchez, and that on Sanchez's expected claim of self-defense, the jury would have to assess whether Sanchez reasonably believed he had to use physical violence to protect himself from a senior citizen.

The court denied Sanchez's motion, ruling Velasquez's age was relevant to a self-defense claim as well as the basic elements of the assault charge, in which the age and

3

capabilities of Velasquez were to be considered. It further ruled that the probative value of the evidence was not substantially outweighed by its prejudicial effect.[1]

At trial, the prosecutor played surveillance video of the incident to the jury. While the video was playing, Velasquez described it as showing Sanchez trying to hit Velasquez then chasing after him, and Velasquez falling to the ground, where Sanchez hit him again.

Sanchez testified in his defense. According to Sanchez, he had returned home from getting donuts with one of his daughters, and they had left his car and were about to cross the street when he noticed Velasquez's car waiting. While they were trying to cross, Velasquez's car bumped Sanchez's knee. Sanchez hit the hood of Velasquez's car and asked if he was trying to run him over; Velasquez got angry and clenched his fist at Sanchez. Sanchez told his daughter to leave. Velasquez then exited his vehicle saying, "I'm going to teach you a lesson" and calling Sanchez a "son of a bitch." According to Sanchez, Velasquez walked toward him and continued to insult him, telling Sanchez he

---

1      Specifically, the court reasoned: "[R]elevancy would be defined as any tendency to prove or disprove an issue in dispute. [¶] A self-defense instruction would be one in which the age and the capabilities of the victim would be relevant. [¶] Further . . . even the basic elements for [the offense of assault likely to produce great bodily injury], absent self-defense, still factor in the capabilities of the victim and the level of force that's reasonable in light of . . . any perceived threat or any application of force. It's just: What is the condition of this victim and how much force would result in the commission of a [Penal Code section] 245? [¶] So it's relevant evidence that should be admitted. [¶] And the only bar to that could be your [Evidence Code section] 352 objection, whether the probative value of that evidence is . . . substantially outweighed by the prejudicial effect . . . . And I don't find that to be the case. [¶] It may well be he comes in and he's 75 and he doesn't look 75. The jurors can decide that. [¶] But I find that it should not be my role to suppress a fact . . . that is relevant to . . . these proceedings."

was "going to kick [his] ass." As Velasquez approached, Sanchez threw a kick at him, then Velasquez came forward again. Sanchez tried to kick him, and they fell to the ground, where Sanchez punched Velasquez because Velasquez was grabbing his leg, close to his genitals. Sanchez testified he punched Velasquez four times. Sanchez left and went to his apartment, then came back outside to wait for police. He cooperated with police and told them what happened.

Following the presentation of evidence, the court instructed the jury regarding lawful self-defense as a defense to assault by means likely to produce great bodily injury. Sanchez's counsel argued that the case "comes down to self-defense."

## DISCUSSION

Appellate counsel indicates he is unable to identify any reasonably arguable issues for appeal and has asked this court to review the record for error. (*Wende*, *supra*, 25 Cal.3d 436.) Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel has identified the following issue in order to assist the court in its search for error: "Did the trial court err in denying [Sanchez's] motion to exclude evidence of the complaining witness's age?"

We have reviewed the entire record consistent with the mandate of *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738. We have not identified any reasonably arguable issues for reversal on appeal. Sanchez has been represented by competent counsel on this appeal.

5

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

NARES, Acting P. J.

HALLER, J.